**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEITH HUGH JENSEN,

        Petitioner - Appellant,

   v.

ROBERT J. HERNANDEZ, Warden,

        Respondent - Appellee.

No. 12-16681

D.C. No. 2:09-cv-00512-DAD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, Magistrate Judge, Presiding

Argued and Submitted May 13, 2014
San Francisco, California

Before: RIPPLE,[**] SILVERMAN, and GOULD, Circuit Judges.

Keith Hugh Jensen appeals from the district court's order conditionally

granting his petition for a writ of habeas corpus on his claims of constitutional

error under *Faretta v. California*, 422 U.S. 806 (1975). Jensen argues that the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

remedy ordered by the district court is insufficient to redress his constitutional injury and that the appropriate remedy is vacatur of his conviction unless the state initiates proceedings to retry him within 90 days. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

"A district court's determination of the appropriate remedy for a constitutional violation on a habeas petition is reviewed for abuse of discretion." *Johnson v. Uribe*, 700 F.3d 413, 424 (9th Cir. 2012), *cert. denied*, 134 S. Ct. 617 (2013). "[A] district court abuses its discretion 'when it makes an error of law, when it rests its decision on clearly erroneous findings of fact, or when we are left with a definite and firm conviction that the district court committed a clear error of judgment.'" *Id.* (quoting *United States v. Ressam,* 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc)).

The district court did not abuse its discretion in fashioning a remedy permitting the state to dismiss the sentence-enhancing prior prison-term allegations and resentence Jensen accordingly. This remedy puts Jensen in the position he would have been had the constitutional violation never occurred, *see Chioino v. Kernan*, 581 F.3d 1182, 1184 (9th Cir. 2009), while recognizing the "considerable resources the State properly invested in the criminal prosecution," *Lafler v. Cooper*, 132 S. Ct. 1376, 1388-89 (2012). A new trial on the substantive counts is

unnecessary to "neutralize the taint" of the violation because Jensen was not prejudiced by the introduction of evidence concerning his prior prison terms. *See id.* at 1388. Similar evidence would have been introduced regardless of the enhancement allegations, because his criminal history was used for impeachment purposes. The court admonished the jury not to consider Jensen's prior prison terms in determining his guilt on the substantive counts, and strong evidence supported the convictions. Moreover, the failure to bifurcate the proceedings was not a constitutional violation in and of itself. *See Spencer v. Texas*, 385 U.S. 554, 568 (1967).

**AFFIRMED**.